IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO.: 7:10-CV-28-H

| | |
|---|---|
| 2433 SOUTH BOULEVARD, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BANK OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This cause comes before the undersigned upon the following motions:

      1) Defendant Charles Ruffin Poole's motion for an extension of time to file answer or otherwise plead (DE-195); and

      2) Plaintiffs' motion to seal (DE-115)

Defendant Charles Ruffin Poole's motion for an extension of time is not opposed and good cause has been shown for the requested relief. Accordingly, that motion (DE-195) is GRANTED. Specifically, Defendant Charles Ruffin Poole's shall have until December 13, 2010 to respond to Plaintiff's amended complaint.

With regard to Plaintiff's motion to seal, no Defendant has filed a response to this request and the time for doing so has expired. When a district court considers entering a confidentiality order, it must first give the public notice and a reasonable opportunity to challenge the sealing order. In re Knight Publ'g Co., 743 F.2d 231, 234-35 (4th Cir. 1984) (holding that the district court erred in closing the courtroom and sealing courtroom documents in a criminal case without first giving the public notice and an opportunity to be heard); *see also* In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 181 (4th Cir. 1988). That is, the court must docket the motion to seal "reasonably in advance of their disposition so as to give

the public and press an opportunity to intervene and present their objections to the court." Knight Publ'g Co., 743 F.2d at 234. The court must also consider less drastic alternatives to sealing and, if it does enter a sealing order, it must provide "reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." Id. In Stone, the Fourth Circuit extended application of the Knight requirements to civil cases.

Plaintiffs' indicate that "certain exhibits attached to Plaintiffs' Second Amended Complaint contain private information, including but not limited to, Plaintiffs' social security numbers, birth dates, addresses, financial-account numbers, etc." (DE-115, pg. 1). Thus, they now request that these documents be sealed. Specifically, Plaintiffs argue—and the undersigned agrees—that the potential harm to Plaintiffs outweighs the public's interest in access to the information contained in these exhibits. Accordingly, Plaintiff's motion to seal (DE-117) is GRANTED. It is ORDERED that Exhibits 1-189 attached to Plaintiffs' Amended Complaint filed June 9, 2010 (docket numbers 48, attachment 2 – 75 and 77-110) be sealed.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Monday, November 15, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE