UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN   DIVISION

| | | |
|---|---|---|
| 2433 SOUTH BOULEVARD, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | 7:10-CV-28-H |
| BANK OF AMERICA,   *et al.,* | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |
| | | |
| JAMES BAKER, JR. and LESLIE BAKER, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 7:10-CV-227-H |
| | ) | |
| CAROLINA FIRST BANK n/k/a TD BANK, *et al*., | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |
| | ) | |
| CAMILLA THOMPSON, *et al*., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | 7:09-CV-89-H |
| BANK OF AMERICA, *et al*., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

**MEMORANDUM AND RECOMMENDATION**

This cause comes before the Court upon the following motions in <u>2433 South Boulevard,</u>

LLC, *et al.*, v. Bank of America, *et al.*, 7:10-CV-28-H ("2433"):

1) Defendant Craven's Grant Homeowner's Association, Inc.'s ("Craven's Grant HOA") motion for judgment on the pleadings (DE-250);

2) Defendant Maryville Partners, Inc.'s ("Maryville") motion for judgment on the pleadings (DE-252);

3) Defendants R. Douglas Therrell's and the R. Douglas Therrell Family Trust's ("Therrell Defendants") motion to dismiss (DE-268);

4) Defendant Alan Sullivan's motion to dismiss (DE-282);

5) Defendant Berthadale R. Best's motion to dismiss pursuant to Rules 4(m), 12(b)(2), 12(b)(4) and 12(b)(5) (DE-284);

6) Defendant Charles Ruffin Poole's motion to dismiss (DE-291);

7) Defendant Michael Woolard's motion to dismiss (DE-313);

8) Defendants Randolph Allen's, R.A. North Development, Inc.'s, and R.A. North Development I, Inc.'s ("RAN Defendants") motion to dismiss (DE-322);

9) Plaintiffs' motion for leave to amend complaint (DE-329);

10) Defendants Kenneth Bednar's and Santa Rosa Land Development Company's ("SRLDC") motion to dismiss (DE-331);

11) Defendant Berthadale R. Best's motion to dismiss (DE-343);

12) Defendant Craven's Grant HOA's motion to dismiss (DE-347);

13) Defendant Maryville's motion to dismiss (DE-349); and

14) Defendant Cannonsgate at Bogue Sound Homeowner's Association, Inc.'s ("Cannonsgate HOA") motion to dismiss (DE-368).

In Baker, *et al.*, v. Carolina First Bank *et al.*, 7:10-CV-227-H ("Baker"), the following

motions are also before the Court:

1) Defendant T.D. Bank, N.A., formerly known as Carolina First Bank's
("TD Bank") motion to dismiss (DE-38);

2) Defendant RBC Bank (USA)'s ("RBC") motion to dismiss (DE-40);

3) Defendant Wells Fargo Bank, N.A., as successor to Wachovia Bank,
N.A.'s ("Wachovia") motion to dismiss (DE-45); and

4) Defendant NAFH National Bank, as successor in interest to First
National Bank of the South's ("NAFH") motion to dismiss (DE-58).

Finally, in Thompson, *et al.*, v. Bank of America *et al.*, 7:09-CV-89-H ("Thompson"), the following motion has been referred:

1) Defendant Cannonsgate at Bogue Sound Homeowner's Association,
Inc.'s ("Cannonsgate HOA") motion to dismiss or, in the alternative, motion
to quash service of process (DE-276).

These motions have been referred to the undersigned and are ripe for adjudication. Notably, Plaintiffs have chosen not to specifically respond to several of these motions, and the time for doing so has expired. In addition, on July 11, 2011, Plaintiffs filed notices of voluntary dismissal as to the following Defendants in 2433 (DE-376) and Thompson (DE-380): 1) Summerhouse on Everett Bay Homeowner's Association, Inc.; 2) Craven's Grant HOA; and 3) Cannonsgate HOA. While this essentially moots any pending motions with regard to these Defendants, the undersigned will still address motions involving them. The undersigned will do so because the voluntary dismissals are without prejudice and the undersigned, as discussed below, is generally recommending that Plaintiffs' claims be dismissed with prejudice.

On February 24, 2011 the undersigned entered a joint memorandum and recommendation ("M & R") in 2433 and Thompson. (DE's 337, 254). The February 24, 2011 M & R

3

addressed, *inter alia*, several motions to dismiss.   Ultimately, the undersigned recommended that Plaintiffs' claims be dismissed with prejudice.   *Id.*   On March 30, 2011, the Honorable Malcolm J. Howard entered an order in <u>Thompson</u> adopting the undersigned's recommendations in part. Specifically, the claims at issue in <u>Thompson</u> were dismissed, however, Defendants were given leave to amend their Complaint.   The undersigned' s recommendations have not yet been addressed in <u>2433</u>.

Most of the motions contained in the instant referral are either motions to dismiss or motions for judgment on the pleadings.

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is determined by the same standard applied to a motion to dismiss for failure to state a claim.   <u>Tolbert v. Stevenson</u>, 635 F.3d 646, 655, fn. 9 (4th Cir. 2011)(*citing*, <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999)).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . ." <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must   " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U .S. at 555, 570.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*   A complaint may survive a motion to dismiss

Case 7:10-cv-00028-H   Document 379   Filed 07/18/11   Page 4 of 20

only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability" fail to nudge claims "across the line from conceivable to plausible." *Id.* at 1947-1951 (quotations omitted).

Plaintiffs have filed similar claims in <u>Thompson</u>, <u>2433</u>, and <u>Baker</u>.[1]  In <u>Thompson</u>, the undersigned recommended that Plaintiffs' claims against several defendants be dismissed with prejudice.  (<u>Thompson</u>, DE-254, pg. 10-26, 44).  Likewise, the majority of the arguments raised by Defendants in the motions currently before the undersigned are also addressed in the February 24, 2011 M & R.  (<u>Thompson</u>, DE-254, pg. 31-37).

For these reasons, in analyzing the instant motions the undersigned adopts   the recitation of facts contained in the February 24, 2011 M & R.     (<u>Thompson</u>, DE-254, pg. 31-37). Moreover, the undersigned incorporates the February 24, 2011 recommendations and the analysis underlying those recommendations, into the instant M & R.  (<u>Thompson</u>, DE-254, pg. 31-42). Specifically, the undersigned finds that:   "1)   Plaintiffs' allegations do not meet the <u>Twombly/Iqbal</u> standard; 2) Plaintiffs fail to state a RICO claim; 3) Plaintiffs fail to state an ILSA claim; 4) Plaintiffs fail to state a NCUDTPA, SCUTPA or NCMLA claim; 5) Plaintiffs fail to state either a negligent misrepresentation or a general negligence claim; and 6) Plaintiffs fraud and conspiracy to commit fraud based claims fail to satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure."   (<u>Thompson</u>, DE-254, pg. 42).

In addition to incorporating the findings and recommendations of the February 24, 2011, M &R, the undersigned now also concludes that Plaintiffs have failed to demonstrate reasonable

---

1 Indeed, the undersigned has recommended that <u>Thompson</u> and <u>2433</u> be consolidated, although that recommendation has not yet been addressed.  (<u>Thompson</u>, DE-254, pg. 3-4, 43).

reliance. In connection with the requirement of reasonable reliance, North Carolina applies the rule of *caveat emptor* and has placed the obligation of a reasonable investigation on the purchaser of real estate. Failure to do so prohibits a purchaser from prevailing on a fraud claim as a matter of law, even when the seller of real estate intentionally misrepresents the value of the land. *See*, Sunset Beach Development, LLC v. AMEC, Inc.*,* 675 S.E.2d 46, 53-54 (N.C. App. 2009). Here, Plaintiffs allege false representations related to the value of land and its resalability (DE-48, ¶¶ 254, 275-76). There are no factual allegations that any plaintiff made a reasonable inquiry into the accuracy of any purported representation made by the Defendants. "In cases involving the purchase of real property, '[r]eliance is not reasonable if a plaintiff fails to make any independent investigation' unless the plaintiff can demonstrate (1) 'it was denied the opportunity to investigate the property,' (2) it 'could not discover the truth about the property's condition by exercise of reasonable diligence' or (3) 'it was induced to forego additional investigation by the defendant's misrepresentations.'" Sunset Beach Development, 675 S.E.2d at 52 (*quoting*, RD & J Properties v. Lauralea-Dilton Enters., LLC, 600 S.E. 2d 492, 499 (N.C. App. 2004)). Rather than alleging specific facts showing they were prevented from exercising due diligence, Plaintiffs concede they were given the right to select their own appraiser. (DE-48, ¶ 346). Likewise, statements of opinion as to the future quality or value of a product 'are not regarded as fraudulent in law,' since they are not misrepresentations of a 'subsisting fact.'" Smith v. Central Soya of Athens, Inc., 604 F. Supp. 518, 530 (E.D.N.C 1985)(*citing,* American Laundry Machinery Co. v. Skinner, 34 S.E.2d 190, 193 (N.C. 1945)). Thus, Plaintiffs could not justifiably rely on alleged representations of the value of the property at the time of purchase. Finally, in claims of fraud in the sale of real estate, reliance on fraudulent representations is unreasonable where the alleged misrepresentations contradict the express terms of the ensuing written agreement. Area Landscaping L.L.C. v. Glaxo-Wellcome, Inc. 586 S.E.2d. 505, 507 (N.C. App. 2003)(fraud claim dismissed because

6

contract terms contradicted fraudulent statements).   The contracts signed by Plaintiffs expressly contradict the alleged representations on which Plaintiffs now base their claims.   (<u>2433</u>, DE's 48-2 through 48-5).   For these reasons, the undersigned adds a failure to demonstrate reasonable reliance to the bases upon which Plaintiffs' claims should be dismissed.

Finally, in several responses Plaintiffs refer to the decision in <u>Feeley v. Total Realty Mgmt.</u>, 660 F. Supp. 2d 700 (E.D.Va. August, 28, 2009)—cited in the February 24, 2011 M & R—as "outdated" or "effectively reversed."   *See, e.g.*, <u>Baker</u>, DE-55, pg. 2.   Such a description is simply inaccurate.   On October 13, 2010, the <u>Feeley</u> Court amended its August 28, 2009 Order by granting Plaintiffs leave to amend their complaint with regard to two parties:   Defendants Bank of America and its trustee, Prlap, Inc. <u>Baker</u>, DE 63-2, pg. 2.   With regard to every other named Defendant in <u>Feeley</u>, the dismissals with prejudice are apparently still in effect.   Moreover, in the order granting leave to amend, Plaintiffs were specifically admonished that they would "be required to state a claim with the requisite plausibility, and the Court does not make a finding at this time as to whether Plaintiffs will be able to meet the requisite pleading standard as required under [<u>Iqbal</u>/<u>Twombly</u>]."   *Id.* at 2.   To argue that this holding somehow "outdates" or "reverses" the original reasoning in <u>Feeley</u> is disingenuous at best.

The referred motions shall now be specifically addressed in turn.

## I.   2433 South Boulevard, LLC, *et al*., v. Bank of America, *et al*., 7:10-CV-28-H

## Defendant Craven's Grant HOA's Motion for Judgment on the Pleadings (DE-250)

Craven's Grant HOA has filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.   (DE-250).   The issues raised in it were addressed in the February 24, 2011 M & R.   Plaintiffs have not pled additional facts sufficient to change that analysis and for reasons previously stated the undersigned RECOMMENDS that this motion (DE-250) be GRANTED.

**Defendant Maryville's Motion for Judgment on the Pleadings (DE-252)**

Defendant Maryville has filed a motion for judgment on the pleadings. (DE-252). The issues raised in it were addressed in the February 24, 2011 M & R. Plaintiffs have not pled additional facts sufficient to change that analysis and for reasons previously stated the undersigned RECOMMENDS that this motion (DE-252) be GRANTED.

**The Therrell Defendants' Motion to Dismiss (DE-268)**

The Therrell Defendants have filed a motion to dismiss. (DE-268). The issues raised in it were addressed in the February 24, 2011 M & R. Plaintiffs have not pled additional facts sufficient to change that analysis and for reasons previously stated the undersigned RECOMMENDS that this motion (DE-268) be GRANTED.

**Defendant Alan Sullivan's motion to dismiss (DE-282)**

Defendant Alan Sullivan has filed a motion to dismiss. (DE-282). The issues raised in it were addressed in the February 24, 2011 M & R. Plaintiffs have not pled additional facts sufficient to change that analysis and for reasons previously stated the undersigned RECOMMENDS that this motion (DE-282) be GRANTED.

**Defendant Charles Ruffin Poole's motion to dismiss (DE-291)**

Defendant Charles Ruffin Poole has filed a motion to dismiss. (DE-291). The issues raised in it were addressed in the February 24, 2011 M & R. Plaintiffs have not pled additional facts sufficient to change that analysis and for reasons previously stated the undersigned RECOMMENDS that this motion (DE-291) be GRANTED.

**Defendant Michael Woolard's motion to dismiss (DE-313)**

Defendant Michael Woolard has filed a motion to dismiss. (DE-313). The issues raised in it were addressed in the February 24, 2011 M & R. Plaintiffs have not pled additional facts sufficient to change that analysis and for reasons previously stated the undersigned

RECOMMENDS that this motion (DE-313) be GRANTED.

**RAN Defendants' motion to dismiss (DE-322)**

The RAN Defendants have filed a motion to dismiss. (DE-322). The issues raised in it were addressed in the February 24, 2011 M & R. Plaintiffs have not pled additional facts sufficient to change that analysis and for reasons previously stated the undersigned RECOMMENDS that this motion (DE-322) be GRANTED.

**Plaintiffs' motion to amend complaint (DE-329)**

Plaintiffs have filed a motion to amend their complaint. (DE-330). In this motion, Plaintiffs seek to add various claims against non-party Minok Lee Allen, Defendant William G. Allen, non-party MLA Income Properties ("MLA") and the RAN Defendants. Specifically, Plaintiffs contend that MLA and the RAN Defendants have conspired to violate the Uniform Fraudulent Transfer Act ("UFTA"), N.C. Gen. Stat. § 39-23.1, *et seq*. (DE-330, pg. 1). In support of this motion, Plaintiffs argue that: "(a) RAN sold property to MLA in 2007 for a fraction of what the property was actually worth; and (b) MLA re-sold the same property to RAN in 2010 for a vastly greater amount than the property was worth at that time . . .[and] there are numerous reasons why these transfers may have been nefarious . . ." *Id.* at 8-9.

This Court, and others, have repeatedly found that Plaintiffs' claims—in all their various permutations—are, *inter alia*, speculative to an extent that is incompatible with Twombly and Iqbal. Plaintiffs have been given ample opportunity to state a valid claim. Their previous attempts to amend their claims were futile. For these reasons, the February 24, 2011 M & R recommended that all claims in this case be dismissed with prejudice and without further leave to amend. As mentioned above, that recommendation has not yet been addressed in 2433.

However, in Thompson Plaintiffs were granted "one final opportunity to amend their complaint in order to restate any remaining claims with sufficient particularity." (DE-267, pg. 7).

Notably, leave to amend was granted because "[a]t least with regard to defendant Bank of America, plaintiffs' recent filings have including more specific facts to support their alleged fraud and conspiracy claims." *Id.* The instant proposed amended claims do not involve Bank of America, and they certainly are not supported with more specific facts. Indeed, in Thompson, the Honorable Malcolm J. Howard briefly addressed similar proposed amendments involving Minok Allen and MLA. He admonished Plaintiffs that "wholesale blanket assertions of wrongdoing, such as those recently alleged against Minok L. Allen and MLA Investment Properties, will not suffice." Moreover, the motion to amend is futile on its face. UFTA itself is remedial, it does not create new claims. *See*, In re Rountree, 448 B.R. 389, 405-410 (Bankr. E.D.Va. 2011)(*quoting*, Hullett v Cousin, 63 P.3d 1029, 1034)). If a claim does not exist, UFTA provides no independent remedy. *Id.* Plaintiffs' allegations of fraud are without merit, and UFTA does nothing to salvage those claims.

For these reasons, the undersigned RECOMMENDS that Plaintiffs' motion to amend (DE-329) be DENIED. Moreover, the undersigned reiterates that his February 24, 2011 M & R recommended dismissal with prejudice, and likewise, the instant dismissals should also be with prejudice.

**Defendants Kenneth Bednar's and SRLDC's motion to dismiss (DE-331)**

Defendants Kenneth Bednar and SRLDC have filed a motion to dismiss. (DE-331). The issues raised in it were addressed in the February 24, 2011 M & R. Plaintiffs have not pled additional facts sufficient to change that analysis and for reasons previously stated the undersigned RECOMMENDS that this motion (DE-331) be GRANTED.

**Defendant Berthadale R. Best's motion to dismiss (DE-343)**

Defendant Berthadale R. Best has filed a motion to dismiss. (DE-343). The issues raised in were addressed in the February 24, 2011 M & R. Plaintiffs have not pled additional facts

sufficient to change that analysis and for reasons previously stated the undersigned RECOMMENDS that this motion (DE-343) be GRANTED.

Because the undersigned is recommending that the claims against Defendant Berthadale Best be dismissed with prejudice on the merits, it is RECOMMENDED that Defendant Berthadale R. Best's motion to dismiss pursuant to Rules 4(m), 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure (DE-284) be DENIED, WITHOUT PREJUDICE, AS MOOT.

**Defendant Craven's Grant HOA's motion to dismiss (DE-347)**

Defendant Craven's Grant HOA has filed a motion to dismiss. (DE-347). The issues raised in it were addressed in the February 24, 2011 M & R. Plaintiffs have not pled additional facts sufficient to change that analysis and for reasons previously stated the undersigned RECOMMENDS that this motion (DE-347) be GRANTED.

**Defendant Maryville's motion to dismiss (DE-349)**

Defendant Maryville has filed a motion to dismiss. (DE-349). The issues raised in it were addressed in the February 24, 2011 M & R. Plaintiffs have not pled additional facts sufficient to change that analysis and for reasons previously stated the undersigned RECOMMENDS that this motion (DE-349) be GRANTED.

**Defendant Cannonsgate HOA's motion to dismiss (DE-368)**

Defendant Cannonsgate HOA has filed a motion to dismiss. (DE-368). First, Defendant Cannonsgate HOA requests that Plaintiffs' complaint be dismissed pursuant to Rules 4(m), 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure due to Plaintiffs' failure to properly serve them. It is recommended that this request be DENIED WITHOUT PREJUDICE, AS MOOT.

In addition, Defendant Cannonsgate HOA also requests that Plaintiffs' claims against it be dismissed on their merits pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The

issues raised in this portion of Defendant Cannonsgate HOA's motion to dismiss have already been addressed in the February 24, 2011 M & R, and for reasons previously stated the undersigned RECOMMENDS dismissal of Plaintiffs' claims against Defendant Cannonsgate HOA.

## II.   Baker, *et al*., v. Carolina First Bank *et al*., 7:10-CV-227-H

As previously mentioned, the allegations in the Baker Complaint are very similar to Thompson and 2433.   Indeed, Plaintiffs refer to Thompson and 2433 in the introduction of the Baker Complaint.   (DE-1, pg. 2-3).   Moreover, in the Baker Complaint Plaintiffs note that they will "seek to have this action consolidated with the Companion Cases [2433 and Thompson]".   *Id.* at 3. Plaintiffs also argue that the Baker Complaint "must be read together with the Companion Cases".   *Id*. at 3-4.   Thus, the analysis of the February 24, 2011 M & R is applicable to this Complaint as well.   Ultimately, Plaintiffs' claims in Baker are also without merit.

## Background

In Baker, Plaintiffs assert that Defendants engaged in a "common scheme to extend mortgage loans for the acquisition of real property to the Plaintiffs at artificially inflated prices. (DE-1, pg. 2).   The Baker Defendants allegedly acted in concert with the 2433 and the Thompson Defendants.   *Id.* at 2-3.   As in those cases, Plaintiffs contend that Defendants' actions violated: 1) the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701, *et seq*. ("ILSA"); 2)  the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1861, *et seq*. ("RICO"); 3) the North Carolina Unfair and Deceptive Trade Practices Act, N.C. G. S. § 75-1, *et seq*. ("NCUDTPA"); 4) the South Carolina Unfair Trade Practices Act S.C. Code Ann. § 39-5-10 et seq. (hereinafter "SCUTPA"); 5) the North Carolina Mortgage Lending Act ("NCMLA"); and 6) the South Carolina Licensing Requirements Act. *Id.* at 3.   In addition, Plaintiffs also raise the following claims:  1) common law fraud; 2) fraud in the inducement; 3) constructive fraud; 4) breach of

fiduciary duty; 5) negligent misrepresentation;  and 6) civil conspiracy to commit fraud.  *Id.*

According to Plaintiffs, beginning in mid-2005 Defendants fraudulently induced Plaintiffs to purchase property at artificially inflated prices.  *Id.* at 4.  This fraud related to the sale of vacant lots in three developments:  1) Summerhouse on Everett Bay ("Summerhouse"); 2) Cannonsgate on Bogue Sound ("Cannonsgate");  and 3) Craven's Grant on Winyah Bay ("Craven's Grant").  *Id.* at  4-5.  The fraudulent acts allegedly included:  1) high pressure and false sales tactics; 2) rigged appraisals; and 3) false promises of early returns on investments.  *Id.* Specifically, Defendants' scheme  allegedly involved, "participation at the introduction of the properties at lavish 'launches' and presales deceptively promoted with standardized marketing materials through the mails and wires, the intentional manipulation of property values through misrepresentations, fraud, deception, omissions and unconscionable conduct, and the funding of mortgage loans for the properties, based upon materially false, artificially-inflated and purposefully manipulated appraisals."  *Id.* at 5.  In addition, Plaintiffs contend that Defendants' "scheme was designed to and succeeded at building on the inflated values derived from the improper appraisals (which were based on inappropriate comparables), false recording tactics, kickbacks and other improprieties used by the Companion Case Defendants and the current Defendants."  *Id.*

Most of Plaintiffs' specific allegations in <u>Baker</u> have already been summarized in the February 24, 2011 M & R.  As in the related cases, Plaintiffs' Complaint in <u>Baker</u> makes frequent references to the Superseding Indictment of Ruffin Poole.  Ruffin Poole was charged with extortion, government corruption, and various other federal offenses in a fifty-seven count indictment alleging, *inter alia*, that Poole had used his position within the Governor's Office to influence state agency officials to approve permits needed for the development of coastal property, including Cannonsgate. On April 24, 2010, Poole pled guilty to one count of federal income tax

evasion, and he was sentenced to a term of incarceration of 12 months and 1 day. United States v. Poole, 5:10-CR-21-BO, DE-100. The remaining 56 charges were dismissed by the Government. *Id.* As the undersigned has previously noted, Plaintiffs' references to Ruffin Poole's Superseding Indictment under these circumstances provide little support for their sweepingly broad allegations.

Furthermore, as in the related cases, most of Plaintiffs' allegations do not refer to specific Defendants. Rather, Plaintiffs frequently refer to so-called "Defendant Corporate Developers", "Individual Defendant Developers", "Promoter Defendants" and "Defendant Lenders." When Plaintiffs do refer to individual defendants, the statements are typically sweeping generalities.

Regardless, Plaintiffs assert that the RAN Defendants acquired the Cannonsgate and Summerhouse subdivisions in July, 2005 and early 2006, respectively. (DE-1, pg. 34-35). In April, 2006, Maryville purchased the Craven's Grant subdivision. *Id.* at 35. Thereafter, Plaintiffs contend that Defendants created "demand through a standardized marketing approach that falsely touted the high value and high demand for the properties in the subject developments." *Id.* at 36. This approach developed the appearance of high value by allegedly manipulating property values through the use of fraudulent bank ordered appraisals. *Id.* Plaintiffs also argue that Defendants, *inter alia*, created documents to reflect transfers that did not exist. *Id.* Likewise, they allege Defendants arranged "a series of exotic and elaborate open houses, parties and events," which induced Plaintiffs to believe that these properties "had unique investment value." *Id.* at 37. Plaintiffs were also allegedly induced to believe that they "were certain to obtain a substantial return on investment after only months of ownership." *Id.* at 37. According to Plaintiffs, salespeople were instructed to make false statements to mislead purchasers and create demand. *Id.* at 38. Notably, as in Thompson and 2433, the Baker Plaintiffs fail to describe the "false statements" with the precision required by Rule 9 of the Federal Rules of Civil Procedure.

Next, Plaintiffs assert that various "bogus sales" took place in these subdivisions. *Id.* at 39-41. These "bogus sales" invented "values for the real estate that could not legitimately be supported by the market." *Id.* at 41.

Plaintiffs also contend that Defendants "made extraordinary contributions to the reelection campaign of Governor Easley for the purpose of securing favorable treatment of [the] planned subdivisions." *Id.* at 42. Again, these allegations rely heavily on the Superseding Indictment of Ruffin Poole.

Likewise, Plaintiffs assert that non-party Total Realty Management ("TRM")[2] published "false and fraudulent information to prospective customers by email and regular mail claiming, among other things, that TRM owned a large volume of lots and could therefore sell the lots to the Plaintiffs at a substantial 'wholesale' discount." *Id.* at 52. Thereafter, it is claimed that TRM and various defendants used elaborate sales pitches, promising the Plaintiffs a substantial return on their investment in 6-18 months. *Id.* at 53.

Continuing their practice of using broad classifications rather than specific allegations, Plaintiffs next address the allegedly improper acts of the "lender defendants." Specifically, Plaintiffs assert that the lender defendants "engaged in improper and/or illegal underwriting practices that were the result of compensation models that awarded compensation to originating loan officers employed by the Lender Defendants based on loan origination amounts and loan volume . . . [,t]hus loan officers were incentivized by their employers, the Lender Defendants, to engage in improper underwriting practices to increase their individual compensation." *Id*. at 54. Plaintiffs provide several examples of allegedly fraudulent sales based on these inflated appraisals. *Id*. at 60-63. They further contend that the lender defendants "knew or had reason to know that

_____

2 As noted in the February 24, 2011 M & R, the chief culprit in Plaintiffs' allegations appears to be TRM, which has been placed into involuntary bankruptcy and is not a party to this litigation.

Case 7:10-cv-00028-H   Document 379   Filed 07/18/11   Page 15 of 20

the conspiracy to rig appraisals to achieve these sky-rocketing prices amounted to a Ponzi scheme necessarily requiring an ever increasing value for real property." *Id*. at 64.

In short, Plaintiffs allege that "[a]ggressive corporate policies designed to create revenues from selling and servicing risky loans, coupled with an equally aggressive sales pitch (given credibility by the Lender Defendants' presence) and rigged appraisals joined together to create a massive fraudulent mortgage scheme that ultimately resulted in pervasive foreclosures on over-valued property and the further diminution of whatever property values remained in and around the Subdivisions." *Id.* Tellingly, Plaintiffs concede that that they were unable to maintain the debt schedules on the loan applications they submitted without a resale within six to 18 months, yet they nonetheless still agreed to those debt schedules. *Id.* at 69.

In short, the Baker Complaint is virtually identical to the Thompson and 2433 Complaints. Indeed, Plaintiffs concede that the Baker Complaint "must be read together with the Companion Cases". *Id.* at 3-4. This pleading practice is another example of Plaintiffs' repeated and improper reliance on broad factual allegations against groups of Defendants, rather than specific factual allegations against individual persons and/or organizations. Regardless, by Plaintiffs' own admission, the Baker Complaint's similarities with Thompson and 2433 are such that the bases for dismissing those cases apply equally to Baker. Thus, the undersigned incorporates the legal and factual findings of the February 24, 2011 M & R into the instant M & R.

Moreover, based on the contention in Baker that Plaintiffs will "seek to have this action consolidated with the Companion Cases", the undersigned HEREBY RECOMMENDS that Baker, Thompson, and 2433 all be CONSOLIDATED. *See* Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 192-193 (4th Cir. 1982). *See also*, Henderson v. United States, 2008 WL 1711404, at * 5 (W.D.Va. April 11, 2008).

The undersigned shall now address the specific motions referred in Baker.

**Defendant TD Bank's motion to dismiss (DE-38)**

Defendant TD Bank has filed a motion to dismiss. (DE-38). The issues raised in it were addressed in the February 24, 2011 M & R. Plaintiffs have not pled additional facts sufficient to change that analysis and for reasons previously stated the undersigned RECOMMENDS that this motion (DE-38) be GRANTED.

**Defendant RBC's motion to dismiss (DE-40)**

Defendant RBC has filed a motion to dismiss. (DE-40). The issues raised in it were addressed in the February 24, 2011 M & R. Plaintiffs have not pled additional facts sufficient to change that analysis and for reasons previously stated the undersigned RECOMMENDS that this motion (DE-40) be GRANTED.

**Defendant Wachovia's motion to dismiss (DE-45)**

Defendant Wachovia has filed a motion to dismiss. (DE-45). The issues raised in it were addressed in the February 24, 2011 M & R. Plaintiffs have not pled additional facts sufficient to change that analysis and for reasons previously stated the undersigned RECOMMENDS that this motion (DE-45) be GRANTED.

**Defendant NAFH's motion to dismiss (DE-58)**

Defendant NAFH has filed a motion to dismiss. (DE-58). The issues raised in it were addressed in the February 24, 2011 M & R. Plaintiffs have not pled additional facts sufficient to change that analysis and for reasons previously stated the undersigned RECOMMENDS that this motion (DE-58) be GRANTED.

**III.   Thompson,** *et al*.**, v. Bank of America**   *et al*.**, 7:09-CV-89-H**

**Defendant Cannonsgate HOA's motion to dismiss or to quash service of process (DE-276)**

Defendant Cannonsgate HOA first requests that Plaintiffs' Second Amended Complaint be dismissed pursuant to Rules 4(m), 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil

Procedure due to Plaintiffs' failure to properly serve them.  They also request that the Second

Amended Complaint be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure for failure to state a claim.   These requests were filed on April 28, 2011.   However, on

March 30, 2011, much of the Second Amended Complaint was dismissed[3] and Plaintiffs were

granted leave to amend.   (DE-267).   Plaintiffs' Third Amended Complaint was filed on April 29,

2011.   (DE-280).   Moreover, Plaintiffs have been notified—both by this Court and the Feeley

Court—that their amended pleadings will once again be scrutinized pursuant to the requirements

of Twombly/Iqbal.   Specifically, this Court has noted that Plaintiffs "must state with sufficient

particularity the facts upon which plaintiffs seek to hold each of the defendants liable . . . [a]bsent

exceptional circumstances, further amendments will not be allowed."   (DE-267, pg. 8).   The

sufficiency of Plaintiffs' Third Amended Complaint will be addressed in a future M & R and/or

Order as pending motions to dismiss ripen.   In the meantime, the undersigned deems the instant

motion (DE-276) to be premature in its current posture, and therefore RECOMMENDS that it be

DENIED WITHOUT PREJUDICE.

**IV.   Conclusion**

Based on the above reasoning, the undersigned hereby RECOMMENDS that Baker,

Thompson, and 2433 all be CONSOLIDATED.   In addition:

I.   In 2433 South Boulevard, LLC, *et al*., v. Bank of America, *et al*., 7:10-CV-28-H:

1)   Defendant Craven's Grant HOA's motion for judgment on the pleadings

(DE-250) be GRANTED;

2)   Defendant Maryville's motion for judgment on the pleadings (DE-252) be

GRANTED;

---

3 Although the claims against Defendant Cannonsgate HOA were not specifically mentioned in
the March 30, 2011 Order, the undersigned recommends that the Second Amended Complaint be
deemed without merit in its entirety.

3) The Therrell Defendants' motion to dismiss (DE-268) be GRANTED;

4) Defendant Alan Sullivan's motion to dismiss (DE-282) be GRANTED;

5) Defendant Berthadale R. Best's motion to dismiss pursuant to Rules 4(m), 12(b)(2), 12(b)(4) and 12(b)(5) (DE-284) be DENIED, WITHOUT PREJUDICE, AS MOOT;

6) Defendant Charles Ruffin Poole's motion to dismiss (DE-291) be GRANTED;

7) Defendant Michael Woolard's motion to dismiss (DE-313) be GRANTED;

8) The RAN Defendants' motion to dismiss (DE-322) be GRANTED;

9) Plaintiffs' motion to amend (DE-329) be DENIED;

10) Defendants Kenneth Bednar's and SRLDC's motion to dismiss (DE-331) be GRANTED;

11) Defendant Berthadale R. Best's motion to dimiss (DE-344) be GRANTED;

12) Defendant Craven's Grant HOA's motion to dismiss (DE-347) be GRANTED;

13) Defendant Maryville's motion to dismiss (DE-349) be GRANTED; and

14) Defendant Cannonsgate HOA's motion to dismiss be DENIED WITHOUT PREJUDICE IN PART, AND GRANTED IN PART.

II. In Baker, *et al*., v. Carolina First Bank *et al*., 7:10-CV-227-H:

1) Defendant TD Bank's motion to dismiss (DE-38) be GRANTED;

2) Defendant RBC's motion to dismiss (DE-40) be GRANTED;

3) Defendant Wachovia's motion to dismiss (DE-45) be GRANTED; and

4) Defendant NAFH's motion to dismiss (DE-58) be GRANTED.

III. In Thompson, *et al*., v. Bank of America *et al*., 7:09-CV-89-H:

1) Defendant Cannonsgate HOA's motion to dismiss or, in the alternative, motion to quash service of process (DE-276) be DENIED WITHOUT

PREJUDICE.

In short, the undersigned recommends that Plaintiffs' claims against each of the above named Defendants be dismissed. For reasons stated in the February 24, 2011 M & R and reiterated in the instant M & R, the undersigned recommends these dismissals be with prejudice. Certainly, the <u>Thompson</u> Plaintiffs have been given leave to amend (DE-267). However, the Order granting said leave specifically noted that Plaintiffs may have alleged more specific facts with regard to Defendant Bank of America. With regard to every other named Defendant, Plaintiffs have failed to state a claim at every turn. Despite having filed multiple complaints in several cases, Plaintiffs' allegations continue to be implausible, insufficiently specific, and futile. A "district court may deny leave to amend for reasons 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" <u>Glaser v. Enzo Biochem, Inc.</u>, 464 F.3d 474, 480 (4th Cir. 2006)(*quoting*, <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)). Here, the futility of Plaintiffs' claims has been discussed several times in <u>Baker</u>, <u>Thompson</u>, <u>2433</u> and <u>Feeley</u>. To date, when given opportunities to re-state their claims, Plaintiffs have simply reiterated the same vague and implausible allegations. Requiring Defendants to respond yet again to another series of allegations would now be unduly prejudicial. Thus, with the exception of the leave to amend previously granted in <u>Thompson</u>, Plaintiffs' claims should be dismissed with prejudice.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, July 14, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE