WILLIAM K. AND LORRAINE ANGEL,  )
et al.,                          )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )     No. 7:10-CV-28-H(3)
                                 )
BANK OF AMERICA, et al.,         )
                                 )
          Defendants.            )
_____  )
                                 )
JAMES BAKER, JR. and LESLIE BAKER,)
et al.,                          )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )     No. 7:10-CV-227-H(3)
                                 )
CAROLINA FIRST BANK n/k/a TD     )
BANK, N.A., et al.,              )
                                 )
          Defendants.            )
_____  )

## ORDER

Before the court are twenty-eight motions to dismiss filed by various defendants in these companion cases, as well as motions for judgment on the pleadings filed by two defendants and two motions to amend plaintiffs' complaint in Angel v. Bank of America, No. 7:10-CV-28-H.[1]  These motions are the subject of two separate recommended decisions issued by United States Magistrate Judge William A. Webb.

_____

[1] Angel was originally styled 2433 South Blvd., LLC v. Bank of America, No. 7:10-CV-28-H (E.D.N.C), and that caption has been used by the parties and the court in a number of prior filings.

On February 24, 2011, Judge Webb issued a Memorandum and Recommendation (M&R) in Angel and a third companion case, Thompson v. Bank of America, No. 7:09-CV-89-H, in which he recommended dismissal of various claims on the ground that the plaintiffs had "fail[ed] to plead sufficient facts to state a claim for relief that is plausible on its face." (Feb. 24, 2011 M&R at 14.) Judge Webb further recommended denial of plaintiffs' motions to amend their complaints, as well as the plaintiffs' motion to vacate their voluntary dismissal of a defendant in Thompson. (Feb. 24, 2011 M&R at 43-47.) On March 30, 2011, the undersigned entered an order in Thompson,[2] adopting in part Judge Webb's recommendation and dismissing the following claims:

    1.    Plaintiffs' [Interstate Land Sales Act ("ILSA")] claims against Branch Banking and Trust Company, Bank of America, Carolina First Bank, RBC Bank (USA) and SunTrust Bank;

    2.    Plaintiffs' negligent misrepresentation claims against Branch Banking and Trust Company, Bank of America, Maryville Partners, Inc., R.A. North Development, Inc., R.A. North Development I, Inc., Randolph Allen, William Allen, Southeastern Waterfront Marketing, Inc., Carolina First Bank, RBC Bank (USA), Craven's Grant Homeowner's Association, Inc., and SunTrust Bank;

    3.    Plaintiffs' North Carolina Mortgage Lending Act claims against Branch Banking and Trust Company, Bank of

---

[2]No decision was reached in Angel at that time because the court had granted the Angel plaintiffs' motion for an extension of time to file objections to the M&R.

2

America, Maryville Partners, Inc., R.A. North Development, Inc., R.A. North Development I, Inc., Randolph Allen, William Allen, Southeastern Waterfront Marketing, Inc., Carolina First Bank, RBC Bank (USA), Craven's Grant Homeowner's Association, Inc., and SunTrust Bank;

    4.    Plaintiffs' South Carolina Licensing of Mortgage Brokers Act claim against defendant Maryville Partners, Inc.; and

    5.    Plaintiffs' negligence claim against Branch Banking and Trust Company, Bank of America, Carolina First Bank, RBC Bank (USA) and SunTrust Bank.

The court declined to dismiss the remaining claims for failure to state a plausible claim, instead granting the Thompson plaintiffs "one final opportunity to amend their complaint in order to restate any remaining claims with sufficient particularity." Order, Thompson v. Bank of America, No. 7:09-CV-89-H (E.D.N.C. Mar. 30, 2011) at 7.

On July 18, 2011, Judge Webb submitted a second M&R addressing a number of motions seeking dismissal of claims in the Angel and Baker cases.[3] Judge Webb recommended that plaintiffs' claims against the moving defendants be dismissed with prejudice and that the Angel plaintiffs be denied leave to amend their complaint on the

---

[3]The M&R also addressed a motion to dismiss filed in Thompson by Cannonsgate at Bogue Sound Homeowners Association, Inc. ("Cannonsgate HOA"). That motion has since been dismissed as moot following the plaintiffs' voluntary dismissal of Cannonsgate HOA and is, therefore, not addressed here. See Order, Thompson v. Bank of America, No. 7:09-CV-89-H (E.D.N.C. Aug. 4, 2011) (dismissing as moot motion to dismiss by Cannonsgate HOA).

3

ground that amendment would be futile. (July 18, 2011 M&R at 19-20.) In the second M&R, Judge Webb relied, in large part, upon the reasoning set forth in his February 24, 2011 M&R in Thompson and Angel. Specifically, Judge Webb determined that "1) Plaintiffs' allegations do not meet the Twombly/Iqbal standard [requiring that a complaint contain sufficient facts to state a claim that is plausible on its face]; 2) Plaintiffs fail to state a RICO claim; 3) Plaintiffs fail to state an ILSA claim; 4) Plaintiffs fail to state a [North Carolina Unfair or Deceptive Acts or Practices, South Carolina Unfair Trade Practices Act or North Carolina Mortgage Lending Act] claim; 5) Plaintiffs fail to state either a negligent misrepresentation or a general negligence claim; and 6) Plaintiffs' fraud and conspiracy to commit fraud based claims fail to satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure." Id. at 5. Additionally, Judge Webb recommended that plaintiffs' claims be dismissed "for failure to demonstrate reasonable reliance" upon the allegedly false or fraudulent representations upon which their claims are based. Id. at 5-7.

Now before the court are Judge Webb's recommendations (1) in Angel, as set forth in both the first M&R dated February 24, 2011, and the second M&R dated July 18, 2011; and (2) in Baker, as set forth in the second M&R dated July 18, 2011. Plaintiffs object to

4

Judge Webb's recommendations and urge the court to grant them leave to amend their complaints as was allowed in Thompson. Acknowledging the court's dismissal of certain claims in Thompson, the plaintiffs in both Angel and Baker consent to the dismissal of their ILSA and negligence claims against the various lenders, as well as the North Carolina Mortgage Lending Act and South Carolina Licensing of Mortgage Brokers Act claims against all defendants. For the reasons set forth in the court's March 30, 2011, order in Thompson, the court further concludes that plaintiffs have failed to allege sufficient facts to support a claim for negligent misrepresentation against any of the lenders, homeowners' associations, "Allen Related Entities" or any of the other alleged developers or subdevelopers.

As to the remaining claims, the court agrees with plaintiffs that they, like the Thompson plaintiffs, should be given an opportunity to remedy any deficiencies in their complaint. As in Thompson, the court warns plaintiffs that wholesale blanket assertions of wrongdoing will not suffice. Plaintiffs are urged to state with sufficient particularity the facts upon which they seek to hold each of the defendants liable or suffer dismissal of their claims. Following plaintiffs' amendment, defendants will have an opportunity to answer or otherwise respond to plaintiffs' claims as provided by the Federal Rules of Civil Procedure.

5

## CONCLUSION

For the foregoing reasons, the court enters the following orders:

### Angel v. Bank of America, No. 7:10-CV-28-H

1. The court GRANTS in part and DENIES in part the various motions before it.

2. Pursuant to Rule 12(b)(6), the following claims are DISMISSED for failure to state a claim upon which relief can be granted:

> a. Plaintiffs' ILSA claims against the lender defendants as set forth in Count 5;

> b. Plaintiffs' negligence claims against the lender defendants (Count 17);

> c. Plaintiffs' North Carolina Mortgage Lending Act claims (Count 14);

> d. Plaintiffs' South Carolina Licensing of Mortgage Brokers Act claims (Count 15); and

> e. Plaintiffs' negligent misrepresentation claims against the lender defendants, the "Allen Related Entities," the "Sub-Developers" and any individual or entity alleged to be a "developer" within the meaning of the ILSA as set forth in Count 13.

3. Plaintiffs' requests for leave to amend their complaint [DE #196, 329, 405] are GRANTED insofar as plaintiffs shall have thirty (30) days from the date this order is entered to amend their complaint under the terms set forth herein.

6

4. Except as hereinabove granted, the following motions are DENIED WITHOUT PREJUDICE in light of the court's ruling allowing plaintiffs leave to amend their complaint:

   a. Motion to dismiss filed by Emily L. Adams [DE #216];

   b. Motion to dismiss filed by Southeastern Land Sales, Inc., Southeastern Waterfront Marketing, Inc., and William G. Allen [DE #218];

   c. Motion to dismiss filed by SunTrust Banks, Inc. [DE #199];

   d. Motions to dismiss filed by Berthadale R. Best [DE #155, 284 & 343];

   e. Motion to dismiss filed by Jennifer C. Parker [DE #169];

   f. Motions to dismiss filed by Maryville Partners, Inc. [DE #143 & 349];

   g. Motion to dismiss filed by Lanny Wilson and Cannonsgate Investments, LLC [DE #167];

   h. Motion to dismiss filed by Bank of the Ozarks [DE #232];

   i. Motion to dismiss filed by Branch Banking and Trust Company and Branch Banking and Trust Company of South Carolina [DE #189];

   j. Motion to dismiss filed by Bank of America [DE #149];

   k. Motion to dismiss filed by Richard Mace Watts [DE #224]

   l. Motion to dismiss filed by Suburban Federal Savings Bank [DE #203];

   m. Motion for judgment on the pleadings filed by Maryville Partners, Inc. [DE #252];

7

n.     Motion to dismiss filed by R. Douglas Therrell and the R. Douglas Therrell Family Trust [DE #268];

o.     Motion to dismiss filed by Alan Sullivan [DE #282];

p.     Motion to dismiss filed by Charles Ruffin Poole [DE #291];

q.     Motion to dismiss filed by Michael Woolard [DE #313];

r.     Motion to dismiss filed by R.A. North Development I, Inc., R.A. North Development, Inc., and Randolph Allen [DE #322]; and

s.     Motion to dismiss filed by Kenneth Bednar and Santa Rosa Land Development Company [DE #331].

Defendants may renew their motions, if appropriate, following plaintiffs' amendment of their complaint or, if not amended as allowed herein, upon expiration of the time for amendment.

5.     The following motions are DISMISSED as moot following plaintiffs' voluntary dismissal of the moving defendants (see Voluntary Dismissal [DE #381]):

a.     Motions to dismiss filed by Craven's Grant Homeowners Association, Inc. [DE #145 & 347];

b.     Motion for judgment on the pleadings filed by Craven's Grant Homeowners Association, Inc. [DE #250];

c.     Motion to dismiss filed by Cannonsgate HOA [DE #368].

8

6. The court GRANTS in part and DENIES in part the motions to dismiss filed by Carolina First Bank, RBC Bank, Wachovia Bank, and First National Bank of the South.

7. Pursuant to Rule 12(b)(6), the following claims are DISMISSED for failure to state a claim upon which relief can be granted:

   a. Plaintiffs' ILSA claims against Carolina First Bank, RBC Bank (USA), Wachovia Bank, and First National Bank of the South;

   b. Plaintiffs' negligence claims against Carolina First Bank, RBC Bank (USA), Wachovia Bank, and First National Bank of the South (Count 13); and

   c. Plaintiffs' negligent misrepresentation claims against Carolina First Bank, RBC Bank (USA), Wachovia Bank, and First National Bank of the South.

8. Plaintiffs' request for leave to amend their complaint [DE #68] is GRANTED insofar as plaintiffs shall have thirty (30) days from the date this order is entered to amend their complaint under the terms set forth herein.

9. Except as hereinabove granted, the following motions are DENIED WITHOUT PREJUDICE in light of the court's ruling allowing plaintiffs leave to amend their complaint:

   a. Motion to dismiss filed by Carolina First Bank [DE #38];

   b. Motion to dismiss filed by RBC Bank (USA) [DE #40];

9

c.   Motion to dismiss filed by Wachovia Bank [DE
#45]; and

        d.   Motion to dismiss filed by First National Bank
of the South [DE #58].

Defendants may renew their motions, if appropriate, following

plaintiffs' amendment of their complaint or, if not amended as

allowed herein, upon expiration of the time for amendment.

        This 6th day of September 2011.


                                MALCOLM J. HOWARD
                                Senior United States District Judge

At Greenville, NC
#31